UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

TIMOTHY BUTLER,

    Plaintiff,

vs.                                    CASE NO.:  4:16-cv-222

TORREY JOHNSON, ANTONIO
HUDSON, and CHRISTOPHER
HODGSON

    Defendants.
_____/

## COMPLAINT

Plaintiff, TIMOTHY BUTLER (hereinafter collectively described as Plaintiff or "BUTLER"), by and through his undersigned counsel, hereby sues the Defendants, TORREY JOHNSON ("JOHNSON") and ANTONIO HUDSON ("HUDSON"), and CHRISTOPHER HODGSON ("HOGDSON") for damages, and alleges:

## JURISDICTION AND VENUE

1. This is a Constitutional claim brought under 42 U.S.C. 1983, by and through The Freedom of Speech Clause of the *First Amendment*. The Court has subject matter jurisdiction. The acts or omissions which caused the Plaintiff's injuries occurred primarily within the Second Judicial Circuit of the State of Florida. Venue lies within the United States District Court for the Northern District of Florida pursuant to Title 28 U.S.C. §1391. Federal Court jurisdiction is based on Title 28 U.S.C. §1331.

2. This 42 U.S.C. 1983 action asserts that the Plaintiff's *First Amendment* rights have been violated. Plaintiff has been subjected to retaliation for exercising his *First Amendment* rights by disclosing severe understaffing within the Florida Department of Corrections prison

1

system.

## PARTIES

3.     Plaintiff Timothy Butler ("BUTLER") is a Correctional Officer with the Florida Department of Corrections ("FDOC"). Plaintiff has been employed by FDOC for approximately 14 years.

4.     Defendant Torrey Johnson ("JOHNSON") is a Colonel with FDOC and is currently assigned to Jefferson Correctional Institute.

5.     Defendant Antonio Hudson ("HUDSON") is a Captain with FDOC and is currently assigned to Jefferson Correctional Institute.

6.     Defendant Christopher Hodgson ("HODGSON") is employed by FDOC as the Warden for Jefferson Correctional Institute.

## PLAINTIFF BUTLER ENGAGED IN PROTECTED ACTIVITY

7.     In approximately October of 2014, Plaintiff BUTLER was sent to the G Dorm at Jefferson Correctional Institute due to a fight that broke out amongst inmates.

8.     Plaintiff Butler called for backup, however, no other correctional officers arrived to back Plaintiff BUTLER up for approximately 20 minutes.

9.     Plaintiff BUTLER feared for his life during this 20 minutes without backup. Defendant JOHNSON and Captain Collins finally showed up in the G Dorm, and Defendant JOHNSON ordered Captain Collins to use his pepper spray on the inmates. Captain Collins proceeded to empty an entire bottle of ultra-grade pepper spray into the inmates. Capitan Collins used so much that his pepper spray even went into Plaintiff BUTLER's eyes.

10.     Plaintiff BUTLER told Defendant JOHNSON that the amount of pepper spray used by Captain Collins to subdue the inmates exceeded the authorized use of force permitted to stop an inmate fight. Defendant JOHNSON ordered Plaintiff BUTLER to pull out his pepper

2

spray and continue to spray the inmates.. Plaintiff BUTLER could not reach his spray, and also could not see his spray, because he also had pepper spray in his eyes. While the use of pepper spray by Captain Collins exceeded the authorized use of force, and further use of pepper spray certainly exceeded the FDOC guidelines on authorized use of force against inmates. Subsequently, Defendant JOHNSON gave his pepper spray to Captain Collins and ordered Captain Collins to spray the inmates again. The continued use of ultra-grade pepper spray clearly exceeded the permitted use of force against inmates.

11. Approximately 30 days after this incident, Plaintiff, gave an interview to Capitol News Service's Mike Vasilinda stating that he feared for his life, and his job. Plaintiff not only answered questions to Capitol News Service, he also sat for a video interview that aired on television and across the Internet. Plaintiff BUTLER was so afraid for his safety and his job, he only spoke with Capitol News Service on the condition of anonymity. See news article attached hereto as **Exhibit A**.

12. In his interview, Plaintiff BUTLER disclosed massive understaffing within FDOC prisons that is so widespread, drugs and cellphones were easily smuggled into the prisons.

13. Plaintiff Butler also disclosed that wardens were regularly having sex with subordinate female officers.

14. This speech by Plaintiff BUTLER was protected speech. This speech by Plaintiff BUTLER disclosed massive understaffing within FDOC prisons. This speech by Plaintiff BUTLER disclosed that despite new policies.

15. Plaintiff BUTLER's speech was unequivocally a matter of public concern. His speech disclosed abuse of inmates, abuse of power of sex between wardens and officers, massive understaffing within FDOC prisons, and smuggling of drugs and cell phones into prisons.

16. Plaintiff BUTLER's protected speech interests outweighed FDOC's business

interests because of the substance of the speech, and the disclosures made by the Plaintiff.

17.     In approximately February of 2015, Plaintiff BUTLER testified under oath before the Florida Senate Criminal Justice Committee. Plaintiff BUTLER testified that staff shortages and lack of communication with administration have made the prisons unsafe for both the inmates and the guards. Fresh off his altercation where he waited approximately 20 minutes for back up during a prison fight, Plaintiff BUTLER again stated that there are times walking down the halls of the prison where it doesn't feel like there are enough people to help out in the event of a prison fight or riot.

## ADVERSE EMPLOYMENT ACTION

18.     Shortly after the Capitol News Service story appeared on television, Defendants JOHNSON, HUDSON, and HODGSON began harassing Plaintiff BUTLER. The Defendants would regularly demand that Plaintiff BUTLER appear in their office.

19.     The Defendants were not certain that Plaintiff BUTLER was the officer in the video and the Capitol News Service article, so they tried to trick him into admitting he was the anonymous officer.

20.     Defendants would say things like, "We know you are the asshole who went on TV because we saw your shitty watch."

21.     During this time period, Plaintiff BUTLER was advised that he was being reassigned from his position inside the prison, and was transferred to perimeter duty, driving the perimeter in a broken down truck. Defendant HODGSON and Defendant JOHNSON both participated in making this decision. Upon information and belief, Defendant JOHNSON carried out the transfer at the request of Defendant HODGSON. This truck that Plaintiff BUTLER was required to drive the compound in did not have a working air conditioner or a working heater. This was considered one of the worst jobs at the prison, in part because of the condition of the

4

truck. In addition to being transferred to the outer perimeter, the Defendants refused to permit Plaintiff BUTLER to work overtime hours. Prior to the Capitol News Service interview, his testimony before the Florida Senate Criminal Justice Committee, Plaintiff BUTLER routinely worked overtime. In fact, Plaintiff BUTLER earned a substantial amount of overtime pay in the two years prior to his protected speech.

22. Eventually, after several sessions where Plaintiff BUTLER was ordered by the Defendants to admit that he was the officer in the news article and video, Defendant Hodgson wrote up Plaintiff BUTLER for insubordination.

23. After withstanding several sessions of harassment, threats, and written reprimands by all Defendants, Plaintiff BUTLER finally admitted to being the officer in the news article.

24. Defendant HODGSON intentionally ensured that if Senator Greg Evers, a member of the Florida Senate Criminal Justice Committee who was known for making surprise visits to prison to observe the prisons and conduct inspections, was at Jefferson C.I. conducting an inspection, Defendant HODGSON would ensure that Plaintiff BUTLER would not come into contact with Senator Evers.

25. During this time period, Defendant JOHNSON would cuss at Plaintiff BUTLER every day, harassing him for giving an interview and testifying before the Senate.

26. Defendant HUDSON also cussed at Plaintiff BUTLER after he engaged in his protected activity. Further, Defendant HUDSON would routinely tell Plaintiff BUTLER that he was "tired of [your] shit and blabbing your mouth." Defendant HUDSON told Plaintiff BUTLER that he better not "think [he] can go on television and talk about my compound and get away with it." Defendant HUDSON further went out to state "I'm gonna get your ass, this isn't over. I hope you enjoy riding around the compound in that nasty car."

27. On at least one occasion, Plaintiff BUTLER reported for work and was told at the

entrance Defendant HODGSON and Defendant JOHNSON would not permit Plaintiff BUTLER to enter the premises. Their refusal to allow Plaintiff BUTLER to enter the premises was pure retaliation for his protected speech.

28. Defendant HODGSON transferred Plaintiff BUTLER to another facility as retaliation for Plaintiff BUTLER's protected speech. Shortly after Plaintiff BUTLER settled down and become comfortable and familiar at the new facility, he was transferred back to Jefferson C.I. This transfer impacted the travel time to and from work for Plaintiff BUTLER.

29. Plaintiff Butler suffered severe distress from the retaliatory acts committed by the Defendants. Such retaliation caused Plaintiff BUTLER to feel even less safe at Jefferson C.I. than he did prior to his protected activity.

30. Such retaliation has had a chilling effect on Plaintiff BUTLER's First Amendment rights.

## COUNT I

31. Plaintiff BUTLER realleges and reincorporates paragraphs 1 through 30 herein.

32. This is an action pursuant to 42 U.S.C. 1983 by Plaintiff BULLINS against Defendants JOHNSON, HUDSON, and HODGSON, for the violation of the Plaintiff's *First Amendment* rights.

33. Defendants JOHNSON, HUDSON, and HODGSON, have violated Plaintiff BUTLER's constitutional rights by retaliating against Plaintiff BUTLER for his speech and disclosure of matters of substantial public concern, made outside the course and scope of his employment, and which express opinions of the Plaintiff which were widely disseminated via the Internet and are protected by the *First Amendment.*

34. Defendants JOHNSON, HUDSON, and HODGSON have retaliated against Plaintiff BUTLER as the result of the exercise of his Constitutional Rights. Plaintiff BUTLER has

6

suffered injury from such retaliatory acts including, but not limited to, loss of ability to earn overtime, transfer to undesirable positions as a result of the protected speech, and regular harassment and threats. This retaliation chilled Plaintiff BUTLER's speech, and has caused him to fear for his safety at Jefferson C.I. Plaintiff BUTLER has suffered emotional distress, including emotional distress which caused Plaintiff BUTLER to be hospitalized.

35. Plaintiff BUTLER requests all compensatory damages allowable pursuant to 42 U.S.C. 1983, costs, attorneys' fees pursuant to 42 U.S.C. 1988 and any other relief to which she is awarded.

## DEMAND FOR JURY TRIAL

Plaintiff BUTLER demands a jury trial for all counts alleged above.

DATED this 12th day of April 2016.

                Respectfully submitted,

                The Law Offices of
                STEVEN R. ANDREWS, P.A.
                822 North Monroe Street
                Tallahassee, Florida 32303
                (850) 681-6416 FAX: 681-6984

                *//s// Ryan J. Andrews*
                STEVEN R. ANDREWS (FBN 0263680)
                sandrews@andrewslawoffice.com
                BRIAN O. FINNERTY (FBN 0094647)
                bfinnerty@andrewslawoffice.com
                RYAN J. ANDREWS (FBN 0104703)
                ryan@andrewslawoffice.com
                service@andrewslawoffice.com
                *Attorneys for Plaintiff*



# State corrections officer says he fears for life, job

**Author: Mike Vasilinda, Reporter, Capitol News Service**
Published On: Nov 06 2014 04:35:08 PM EST   Updated On: Nov 06 2014 04:47:44 PM EST



TALLAHASSEE, Fla. -

Following the questionable deaths of inmates at two Florida prisons, the Department of Corrections instituted new disciplinary rules in September, but a 13-year veteran of the DOC said little has changed.

The corrections officer, who asked to remain anonymous for his safety, painted a picture of intimidation, harassment and an administration intent on protecting itself from scrutiny.

"I feel my life is in more danger than it has ever been," the officer said.

In September, the top brass at the DOC issued a memo after reports of beatings and several deaths at prisons across the state. It outlined offenses that would result in dismissal in an effort to protect inmates from abuse, but the officer said the changes have had little impact.

"It makes more officers feel more – look, if you get caught, you get fired. That part, yes, I would say (has improved), but you still have what they call the good old boy system," the officer said. "The good old boy system ain't never gonna leave. 'We're gonna discipline him the right way.' You still have that going on at a lot of the institutions."

The officer said 'the right way' for those officers involves beatings.

The officer painted a picture of a system so understaffed due to turnover that drugs and cellphones are easily smuggled in.

"You may have officers out there that just don't give a flap," the officer said.

The Department of Corrections offered a statement when asked about the correctional officer's concerns. The statement reads in part, "We expect our staff to understand that when they are exposed to something that they know is fundamentally, morally or legally wrong, they have a responsibility to report it. There will be no repercussions or retaliation for those who come forward and do the right thing."

DOCUMENT: **Read full statement from DOC**

But the officer said he has been sworn at by a superior in front of inmates and that some top officers are too close to female staff. He said wardens are regularly having sex with female officers.

EXHIBIT A

The officer said the Secretary at the Department of Corrections is well-intentioned, but he faces a big job.

*Copyright 2014 by News4Jax.com. All rights reserved. This material may not be published, broadcast, rewritten or redistributed.*

© 2015 © 2015

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Florida

| | |
|---|---|
| Timothy Butler <br> *Plaintiff* <br> v. <br> Torrey Johnson, Antonio Hudson, and Christopher Hodgson <br> *Defendant* | ) ) ) ) ) ) ) ) Civil Action No. 4:16-cv-222 |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Torrey Johnson
Jefferson Correctional Institution
1050 Big Joe Road
Monticello, FL 32344

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Ryan J. Andrews, Esq.
The Law Offices of Steven R. Andrews, P.A.
822 North Monroe Street
Tallahasee, FL 32303
service@andrewslawoffice.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____    _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify)*:
_____.

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                            *Server's signature*

                               _____
                                            *Printed name and title*

                               _____
                                            *Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Florida

| | |
|---|---|
| Timothy Butler <br> *Plaintiff* <br> v. <br> Torrey Johnson, Antonio Hudson, and Christopher Hodgson <br> *Defendant* | ) ) ) ) ) ) ) ) Civil Action No. 4:16-cv-222 |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Antonio Hudson
Jefferson Correctional Institution
1050 Big Joe Road
Monticello, FL 32344

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Ryan J. Andrews, Esq.
The Law Offices of Steven R. Andrews, P.A.
822 North Monroe Street
Tallahasee, FL 32303
service@andrewslawoffice.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____     _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____
on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____, a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is designated by law to accept service of process on behalf of *(name of organization)* _____
on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify)*:

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Florida

| | |
|---|---|
| Timothy Butler ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 4:16-cv-222 |
| Torrey Johnson, Antonio Hudson, ) | |
| and Christopher Hodgson ) | |
| *Defendant* ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Christopher Hodgson
Jefferson Correctional Institution
1050 Big Joe Road
Monticello, FL 32344

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Ryan J. Andrews, Esq.
The Law Offices of Steven R. Andrews, P.A.
822 North Monroe Street
Tallahasee, FL 32303
service@andrewslawoffice.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____        _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify)*:



My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                          *Server's signature*

                                          _____
                                          *Printed name and title*


                                          _____
                                          *Server's address*

Additional information regarding attempted service, etc:

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):    JUDGE _____    DOCKET NUMBER _____

DATE _____    SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.    (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.    Jurisdiction**. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.    Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.    Nature of Suit**. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.    Origin**. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.    Cause of Action**. Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity**.    Example:    U.S. Civil Statute: 47 USC 553
                                Brief Description: Unauthorized reception of cable service

**VII.    Requested in Complaint**. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.    Related Cases**. This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature**. Date and sign the civil cover sheet.