IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


TIMOTHY BUTLER,

    Plaintiff,

v.                                                    CASE NO. 4:16cv222-RH/CAS

TORREY JOHNSON et al.,

    Defendants.

_____/


## ORDER GRANTING SUMMARY JUDGMENT IN PART

    The plaintiff Timothy Butler is a correctional officer who made statements about his employer, the Florida Department of Corrections, in a television interview and in testimony to a Florida Senate committee. He says he suffered a wide range of adverse treatment in retaliation for the statements. He asserts a claim under the First Amendment and 42 U.S.C. § 1983 against three defendants: his warden Christopher Hodgson; another officer in the chain of command, Colonel Torrey Johnson; and an investigator in the Inspector General's office, Darryl Cherry.

Case No. 4:16cv222-RH/CAS

The defendants have moved for summary judgment. This order grants summary judgment for Mr. Cherry but denies summary judgment for Mr. Hodgson and Mr. Johnson. This order briefly sets out the basis for the ruling. Trial is imminent. A more complete description of the facts and governing law would serve no purpose.

I

A four-stage analysis governs a public employee's First Amendment claim. *See, e.g.*, *Moss v. City of Pembroke Pines*, 782 F.3d 613, 617-18 (11th Cir. 2015). First, the court must determine whether the employee spoke as a citizen on a matter of public concern. *Id*. at 617. If so, then the court weighs "the employee's First Amendment interests against the employer's interest in regulating the employee's speech 'to promote the efficiency of the public services it performs through its employees.' " *VanDeWalle v. Leon Cty. Fla.*, No. 16-10129, 2016 WL 4709079, at *3 (11th Cir. Sept. 9, 2016) (quoting *Moss*, 782 F.3d at 618.). "These first two matters are questions of law that determine whether the employee's speech is protected by the First Amendment." *Id*. (citing *Moss*, 782 F.3d at 618.).

If the employee satisfies the first two stages, he must show that he suffered an "adverse employment action" and that his protected speech "was a substantial motivating factor" in the employer's decision to take that action. *Id*. at *3. "Once that showing has been made, the burden then shifts to the employer to prove, by a

preponderance of the evidence, that it would have terminated the employee even in the absence of [the] protected speech." *Id*.

For this purpose—that is, for a retaliation claim as distinguished from an original discrimination claim—an "adverse employment action" is an action that "well might have 'dissuaded a reasonable worker from making or supporting a charge of discrimination.' " *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (quoting *Rochon v. Gonzales*, 438 F.3d 1211, 1219 (D.C. Cir. 2006)). Older Eleventh Circuit cases adopting a more exacting standard are no longer good law. *See Nash-Utterback v. Sch. Bd. of Palm Beach Cty.*, No. 11-cv-80513-JMH, 2012 WL 12865852, *15 (S.D. Fla. June 8, 2012).

II

On a summary-judgment motion, disputes in the evidence must be resolved, and all reasonable inferences from the evidence must be drawn, in favor of the nonmoving party. The moving party must show that, when the facts are so viewed, the moving party "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A summary-judgment motion cannot be used to resolve in the moving party's favor a "genuine dispute as to any material fact." Fed. R. Civ. P. 56(a).

III

Mr. Butler plainly spoke on matters of public concern. His purpose was to bring important issues to the attention of the public and the Legislature. His interest in speaking outweighed the Department's interest in controlling the speech. In short, he engaged in protected speech.

Most of the consequences Mr. Butler says he suffered do not rise to the level of an adverse employment action. An example is Mr. Cherry's investigation of Mr. Butler's alleged insubordination. Any correctional officer who is insubordinate may be investigated. The record establishes without genuine dispute that Mr. Butler refused to answer a superior officer's questions and thus was at least arguably insubordinate; there were good grounds for an investigation. The risk that acts of possible insubordination may be investigated is present whether or not an officer exercises First Amendment rights, so the risk of such an investigation would not deter a reasonable officer from speaking out. Mr. Cherry is entitled to summary judgment both because conducting the investigation did not violate Mr. Butler's rights and because the investigation was not an adverse employment action.

But when the record is properly viewed in the light most favorable to Mr. Butler, the record would support a finding that he suffered other consequences that *do* rise to the level of an adverse employment action. He lost overtime. He was not

warned of an inmate's threat to attack him. And when he called for backup during a disturbance, officers were slow to respond.

If Mr. Hodgson and Mr. Johnson caused these things to occur in retaliation for Mr. Butler's protected speech, their actions violated the First Amendment.

IV

Qualified immunity applies to damages claims against public officers and protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). *See generally Mullenix v. Luna*, 136 S. Ct. 305 (2015); *Carroll v. Carman*, 135 S. Ct. 348 (2014); *Hope v. Pelzer*, 536 U.S. 730 (2002); *Harlow v. Fitzgerald*, 457 U.S. 800 (1982). Thus a public officer may be held individually liable only if the officer's conduct violates clearly established law.

Whether a public employee's speech is protected is often unclear. Here, though, Mr. Butler's legislative testimony was a paradigm of protected speech. His television interview was also protected as a matter of clearly established law.

The denial of pay—in this case, overtime—is an adverse employment action. This is so as a matter of clearly established law. *See, e.g., Shannon v. BellSouth Telecomms., Inc.*, 292 F.3d 712, 716 (11th Cir. 2002) (holding that the denial of overtime was an adverse employment action); *Bass v. Bd. of Cty. Comm'rs*, 256 F.3d 1095, 1118 (11th Cir.2001), *overruled in part on other*

grounds by *Crawford v. Carroll*, 529 F.3d 961 (11th Cir. 2008) (stating, in a case involving the denial of overtime and other actions, that "conduct that alters an employee's compensation . . . does constitute an adverse action.").

Similarly, nobody could reasonably assert that it is permissible to retaliate for an officer's protected speech by ignoring the officer's legitimate call for backup during a disturbance or by withholding from an officer information about an inmate's threat to injure the officer. The defendants have acknowledged that Department policies called for notice to Mr. Butler of the threat.

The record presents a substantial dispute about whether backup was delayed and about whether Mr. Hodgson or Mr. Johnson had a role in any of this. The record presents a substantial dispute about whether any of this occurred in retaliation for Mr. Butler's protected speech. These are disputes that cannot properly be resolved by summary judgment.

V

For these reasons,

IT IS ORDERED:

1. The defendants' summary-judgment motion, ECF No. 56, is granted in part and denied in part.

2. Summary judgment is granted for Mr. Cherry.

3. Summary judgment is denied against Mr. Hodgson and Mr. Johnson.

4. I do *not* direct the entry of judgment under Federal Rule of Civil Procedure 54(b).

SO ORDERED on January 9, 2017.

s/Robert L. Hinkle
United States District Judge